OPINION
Plaintiff-appellant, Butler County Child Support Agency (CSEA), on behalf of Alison Caniglia, appeals the trial court's decision to reduce the child support payment of defendant-appellee, Jeffrey Caniglia. We affirm.
Jeffrey and Alison Caniglia were divorced May 8, 1995. They have one child, Valerie Caniglia, born September 4, 1993. At the time of the divorce, Jeffrey and Alison entered into a shared parenting plan which was adopted by the trial court with modifications. The entry of divorce stated that the child's principal residence would be with Alison. The order granted Jeffrey schedule B visitation with some modifications for additional parenting time. Although child support was calculated at $101.31 per week, the parties agreed to deviate from the child support guidelines. The amount of child support was reduced to $70 per week based on modifications to the shared parenting plan which increased the amount of time the child spent with Jeffrey.
In 1996, Jeffrey was terminated by his employer, the Hamilton Police Department, for violation of police department rules and regulations. He attempted to find employment in the law enforcement field, but was unsuccessful. After his termination, he worked for temporary agencies, earning less than he earned with the police department. Jeffrey requested an administrative review of his child support obligation in 1997. His original request was denied because of failure to submit the required verification of employment. On March 5, 1999, after verification of Jeffrey's employment status, his child support obligation was reduced.
 Alison requested a judicial review of the administrative decision and a hearing was held before a magistrate on July 16, 1999. The magistrate issued a decision and modified the recommendation to reduce child support. The magistrate's decision imputed in the amount of $29,242 to Jeffrey based on the amount he earned with the Hamilton Police Department in 1995. The magistrate also gave Jeffrey credit for the two children of his current marriage. The magistrate deviated from the child support obligation on the worksheet by thirty percent based on the parties' modification of the child support obligation at the time of the divorce. The result was a child support obligation of $57.06 per week. The trial court overruled objections filed by appellant and affirmed the magistrate's decision.
Appellant appeals the trial court's determination of Jeffrey's child support obligation and raises the following assignments of error:
Assignment of Error No. 1:
 THE MAGISTRATE ERRED IN GIVING APPELLEE FULL CREDIT FOR BOTH CHILDREN BY HIS CURRENT WIFE, AS THEY DO NOT RESIDE WITH HIM ON A FULL-TIME BASIS.
Assignment of Error No. 2:
 THE MAGISTRATE FAILED TO IMPUTE FULLY THE INCOME WHICH APPELLEE WAS CAPABLE OF EARNING BUT FOR HIS OWN VOLUNTARY ACTIONS.
Assignment of Error No. 3:
 THE MAGISTRATE ERRED IN DEVIATING FROM THE GUIDELINE CALCULATIONS BASED UPON THE PARTIES'S [SIC] AGREEMENT IN THE ORIGINAL PRE-PAULY ORDER.
Assignment of Error No. 4:
 THE MAGISTRATE FAILED TO CONSIDER THE BEST INTERESTS OF THE CHILD.
The trial court is vested with broad discretion in calculating child support awards. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371. Absent an abuse of discretion, an appellate court must uphold the trial court's determination.Id. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the first assignment of error, appellant contends that the trial court erred in giving Jeffrey full credit on the support worksheet for the two children he has with his current wife. At the hearing, Jeffrey testified that since the time of the divorce he remarried and now has two children with his current wife. He also testified that he and his wife began living separately in February. Jeffrey stated that there was no current pending divorce, separation, or custody action. He also stated that he and his wife were attempting to work out a shared parenting agreement according to their schedules. He testified that the children were with his wife for three weeks in February before coming back to him and that they have tried to arrange for the children to spend an equal amount of time with each parent.
R.C. 3113.215(B)(5)(c) provides:
 If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption.
The magistrate deducted $5,300 from line eight of the child support worksheet, which provides a credit for "minor children born to either parent and another parent which children are living with this parent * * *."
Appellant argues that it was error to give Jeffrey full credit for the two children with his current wife because the children do not live with him all the time. Jeffrey testified that no formal proceedings have been filed regarding their separation or divorce and that they are in the process of trying to work custody matters out. He also stated that he intended to seek child support. We find no abuse of discretion in the court's determination to credit Jeffrey for both children under these circumstances. Until formal legal action is taken, both Jeffrey and his current wife are responsible for the children. Once parental rights and responsibilities are determined and a child support order entered for these children, this credit should be reviewed, but until that time, it was not unreasonable for the court to credit Jeffrey for the full amount.
In the second assignment of error, appellant contends that the trial court erred by not fully imputing the amount of income Jeffrey was capable of earning. Jeffrey's current income is $20,675. The magistrate imputed $29,242 of income to Jeffrey based on the amount he made with the Hamilton Police Department in 1995. Appellant argues that the trial court should have imputed an annual income of over $30,500 from the police department, based on an average monthly income of over $2,500. Appellant calculated the monthly figure based on the amount Jeffrey made in 1996 up to December 4 when his employment was terminated.
R.C. 3113.215 defines the income of a parent who is unemployed or underemployed as "the sum of the gross income of the parent, and any potential income of the parent." For a parent who is voluntarily unemployed or voluntarily underemployed, potential income includes the imputed income the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings. R.C. 3113.215(A)(5)(a). The amount of potential income is determined "based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides." Id.
The determination of whether a parent is underemployed and the amount of the parent's potential income are matters to be determined by the trial court based on the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. The trial court's determinations will not be disturbed on appeal absent an abuse of discretion. Id.
We find no abuse of discretion in the trial court's decision to use a full year total amount of Jeffrey's 1995 income rather than to figure out the average monthly amount he partially earned in 1996. Either method of calculation is supported by the evidence and the decision as to which method to follow falls within the court's discretion.
Appellant also argues that the trial court should have included $3,000 which Jeffrey was capable of earning in the military reserves when imputing his income. We find no abuse of discretion in the trial court's decision not to impute Jeffrey's potential earnings from the reserves. At the time of the divorce, Jeffrey was not attending the reserves and these earnings were not included in the child support calculation. After the divorce, he attended for some time, but due to child care problems, he was not in good standing with the reserves at the time of the hearing. There was only some evidence that Jeffrey could potentially earn $3,000 a year with the military reserves; therefore, the trial court's decision not to impute this income was not unreasonable.
The final two assignments of error involve the magistrate's decision to deviate from the child support guidelines and will be discussed together. Appellant contends that the court erred in deviating from the child support guidelines and that the deviation was not in the child's best interest. The magistrate calculated the child support obligation according to the statute, but then reduced the amount due by approximately thirty percent.
R.C. 3113.215 is a comprehensive enactment governing the procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects. This is because the overriding concern of R.C. 3113.215 is the best interest of the child for whom support is being awarded. Marker v. Grimm (1992),65 Ohio St.3d 139, 141-142. When a trial court adopts a shared parenting plan, the calculation of support must be made in accordance with the basic child support schedule set forth in R.C.3113.215(D) and the applicable model worksheet in R.C.3113.215(E). R.C. 3113.215(B)(6); Pauly v. Pauly (1997),80 Ohio St.3d 386, 388. The amount of support calculated on the worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C. 3113.215(B)(1); Rock, 67 Ohio St.3d at 110.
In Pauly, the Ohio Supreme Court held that the applicable statute does not provide for an automatic credit for the time a child resides with a parent when the parties enter into a shared parenting plan. However, R.C. 3113.215(B)(6)(a) provides that the trial court may deviate from the amount of child support calculated under the schedule and worksheet:
 [I]f the application of the schedule and the worksheet * * * would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in [R.C. 3113.215(B)(3)], the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, * * * shall consider those extraordinary circumstances and other factors if it deviates from that amount, and shall enter in the journal the amount of child support calculated pursuant to the basic child support schedule and * * * applicable worksheet * * *, its determination that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
According to R.C. 3113.215(B)(6)(b), "extraordinary circumstances of the parents" include:
 (i) The amount of time that the children spend with each parent;
 (ii) The ability of each parent to maintain adequate housing for the children;
 (iii) Each parent's expenses, including but not limited to, child care expenses, school tuition, medical expenses, and dental expenses.
Thus, under a shared parenting plan, the trial court is permitted to deviate from the amount of support calculated on the worksheet if the court finds the amount unjust, inappropriate or not in the best interest of the child. In making this determination, one factor the court may consider is the amount of time that a parent spends with the child. Pauly,80 Ohio St.3d 386, 389. Any deviation must be made in strict compliance with R.C. 3113.215(B) and the deviation must be supported by the evidence and stated in the trial court's findings of fact. Marker v. Grimm, 65 Ohio St.3d 139 at syllabus.
In this case, the trial court followed R.C. 3113.215 and calculated the amount of support due. The trial court then made a finding that the amount due was "unjust, inappropriate and not in the best interest of the child in view of the deviation in the parties' shared parenting plan for additional time that the child spends with her father." The magistrate then decreased the amount of support due by deviating in the same manner as the parties had agreed at the time of the divorce.
We find no abuse of discretion in the decision to deviate from the child support guidelines. The magistrate followed the requirements of the statute and used a permissible factor, time spent with a parent, to deviate from the guidelines. Appellant's argument that the court erred in enforcing a pre-Pauly agreement to a post-Pauly order is misplaced. The court did not state that it was enforcing the agreement made at the time of divorce or that it was required to make a deviation for the amount of time Jeffrey spent with the child. Instead, as required by Pauly, the trial court made an independent finding that the amount of child support was unjust, inappropriate, and not in the child's best interest. This finding was based on the fact that the parties had previously agreed to a deviation for the amount of additional time Jeffrey spent with the child, and there has been no change in the agreement to spend additional time with the child. It was not unreasonable for the trial court to use the agreement of the parties as a basis for its finding and to calculate the reduction in Jeffrey's child support obligation.
Appellant also argues that the decision to deviate from the guidelines and to not fully impute income is not in the child's best interest. At the hearing, the magistrate indicated that a support order Jeffrey could not afford would result in repeated contempt orders and possibly jail, which was not in the child's best interest. The magistrate stated that she wanted the child to get some money. Even though at the hearing the magistrate stated that she did not think it was in the child's best interest to impute income and to create a child support order which Jeffrey was unable to pay, the written order did impute income. Appellant argues that the deviation had the same result as failing to impute income. However, as discussed above, the deviation was within the trial court's discretion.
Appellant also argues that the support order is not in the best interest of the child because it removes any incentive for Jeffrey to better his position financially. Contrary to appellant's assertions, the support order does not reduce the incentive to seek a better paying job. Although Jeffrey is currently earning $20,675, the child support order was based on an income of $29,242. Jeffrey will pay child support based on a higher amount, whether he earns the imputed amount or less, making it to his advantage to look for a higher paying job.
We find that the trial court did not abuse its discretion in determining the child support obligation. Based on the facts of this case, the child support order is not unreasonable, arbitrary, or unconscionable. Accordingly, appellant's four assignments of error are overruled.
Judgment affirmed.
 ______________________________ Presiding Judge VALEN, J.
POWELL, P.J., and YOUNG, J., concur.